**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary B. Couzens and James L. Couzens, wife and husband, <br><br> Plaintiffs, <br><br> vs. <br><br> Fortis Insurance Company, a foreign insurer, dba Assurant Health; Time Insurance Company, a foreign insurer; Edward Oakes and Jane Doe Oakes, husband and wife, <br><br> Defendants. | No. CV-09-279-PHX-FJM <br><br> **ORDER** |

Plaintiffs Mary and James Couzens filed this action against defendants in the Superior Court of Arizona in Maricopa County alleging various state law claims against defendants Time Insurance Company, formerly known as Fortis Insurance Company dba Assurant Health, ("Time") and Edward and Marsha Oakes (collectively, the "Oakes") arising out of the purchase of an individual medical insurance policy. Time removed to this court on the basis of diversity jurisdiction claiming that the Oakes had been fraudulently joined. Plaintiffs did not file a motion to remand and the time for doing so has passed. See 28 U.S.C. § 1447(c).

We now have before us the Oakes' motion to dismiss (doc. 17), plaintiffs' response (doc. 21), and the Oakes' reply (doc. 28). We also have before us plaintiffs' motion to amend the complaint (doc. 18), Time's response (doc. 22), the Oakes' response (doc. 25),

and plaintiffs' reply (doc. 27). The court also has before it briefs, which it requested, on the issue of subject matter jurisdiction by Time, the Oakes, and plaintiffs (docs. 29, 31, & 30, respectively).

**I**

On May 18, 2005, plaintiffs applied for a Time individual medical insurance policy for Mary Couzens through Edward Oakes, a licensed insurance agent. Plaintiffs allege that Edward Oakes represented that the policy offered $2,000,000 in coverage but did not disclose that the policy only paid $250,000 per year or that the policy had a $10,000 per year coverage limit for outpatient procedures and that they relied on these representations and omissions. Time mailed plaintiffs a certificate of insurance in June 2005.

In July 2006, Mary Couzens was diagnosed with cancer and began receiving outpatient chemotherapy treatment. Her treatment expenses exceeded the policy's $10,000 yearly limit in late 2006, and Time denied coverage for claims made in September through December 2006. Plaintiffs became aware that their claims had been denied in November and December 2006, and began negotiations with Time, which continued into 2007.

On January 9, 2009, plaintiffs filed this action in the Superior Court alleging claims for: (1) breach of contract against Time; (2) bad faith against Time; (3) false advertising under A.R.S. § 20-443 against Time and Oakes; (4) consumer fraud under A.R.S. § 44-1521 against Time and Oakes; (5) professional negligence against Oakes; (6) negligent misrepresentation against Oakes; and (7) declaratory action against Time. Time removed to this court on the basis of diversity jurisdiction. Plaintiffs are Arizona residents and Time is a corporation organized under the laws of the state of Wisconsin with its principal place of business in Wisconsin. Time alleges that the Oakes, Arizona residents, have been fraudulently joined because plaintiffs' claims against the Oakes are time barred. The Oakes now move to dismiss and plaintiffs move for leave to amend the complaint.

**II**

We must first determine whether we have subject matter jurisdiction over this action. An action is removable only if it could have been originally filed in federal court. 28 U.S.C. § 1441(a). The removal statute should be strictly construed against removal jurisdiction and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. Although plaintiffs did not move to remand, we have an unflagging obligation to ensure that we have jurisdiction to decide this action, and must remand *sua sponte* if at any time before final judgment subject matter jurisdiction becomes lacking. 28 U.S.C. § 1447(c).

Diversity jurisdiction pursuant to 28 U.S.C. § 1332 requires that no defendant have the same citizenship as any plaintiff. Tosco Corp. v. Cmtys. for a Better Envt., 236 F.3d 495, 499 (9th Cir. 2001). Defendants do not dispute that complete diversity is lacking with the parties as named in the plaintiffs' complaint. Therefore, removal of this action is only proper if, as Time claims, the Oakes have been "fraudulently joined."

Fraudulent joinder has been described as a "term of art." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity '[i]f the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state.'" Id. (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). Any doubt as to whether plaintiffs have stated a valid cause of action under the laws of the state should be resolved in favor of the case being retained by the state court. Albi v. Street & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944). "It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent." Id. Although plaintiffs have filed a proposed amended complaint, fraudulent joinder must be decided on the basis of the pleadings as filed when the case was removed. See Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1426 n.12 (9th Cir. 1989).

1    Defendants argue that plaintiffs' claims against the Oakes are untimely. They rely
2    primarily on Ritchey v. Upjohn Drug Co., 139 F.3d 1320 (9th Cir. 1998) to contend that the
3    statute of limitations may be considered in determining whether a party has been fraudulently
4    joined. In Ritchey, the court found that the plaintiff had fraudulently joined the resident
5    defendants where his claims were barred by a California statute of limitations. Id. Ritchey
6    had filed a second lawsuit adding non-diverse parties although it was clear from an earlier
7    ruling that the statute of limitations barred plaintiff's claims. Under those egregious
8    circumstances, the court concluded that it was "pellucid that by the time the complaint in
9    question was filed . . . the statute of limitations had long since run." Id. at 1320. Whether
10   the statute of limitations has expired for all plaintiffs' claims against the Oakes is much less
11   certain.

12   Arizona law provides that plaintiffs' claims for professional negligence and negligent
13   misrepresentations "shall be commenced and prosecuted within two years after the cause of
14   action accrues, and not afterward."[1] A.R.S. § 12-542. Defendants argue that plaintiffs'
15   claims accrued, at the latest, at the end of 2006, and, therefore, this action, brought in January
16   2009, is barred by the statute of limitations. Plaintiffs contend, however, that their claims
17   did not accrue until Time definitively denied coverage in 2007 after negotiations and appeal.

18   Plaintiffs rely on several Arizona cases for the proposition that the statute of
19   limitations does not begin to run until damages have become non-speculative and
20   irrevocable. See Response to Motion to Dismiss at 5-7. Defendants have tried to distinguish
21   these cases, but none of the parties has cited, nor has the court found, an Arizona case
22   directly on point. Moreover, plaintiffs' contention that the statute of limitations should be
23   equitably tolled is not frivolous. Unlike Ritchey, it is not clear under the settled law of
24   Arizona that plaintiffs' claims would be time barred under any theory.

---

[1]Plaintiffs' false advertising and consumer fraud claims are subject to a one year statute of limitations. A.R.S. § 12-541. Because plaintiffs have agreed to voluntarily dismiss their false advertising and consumer fraud claims, they do not address whether these claims are time barred and neither shall we. Response to Motion to Dismiss at 2.

We conclude, therefore, that defendants have failed to show fraudulent joinder. We thus do not have subject matter jurisdiction over this action.

**III**

Accordingly, **IT IS ORDERED REMANDING** this action to the Superior Court of Arizona in Maricopa County. **IT IS FURTHER ORDERED DENYING** the Oakes' motion to dismiss (doc. 17), and **DENYING** plaintiffs' motion for leave to amend (doc. 18) as moot. This, of course, is without prejudice to the rights of the parties to renew their motions in the Superior Court.

DATED this 10th day of July, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge